1  Anthony P. Condotti, SBN 149886
2  Barbara H. Choi, SBN 156088
   **ATCHISON, BARISONE, CONDOTTI & KOVACEVICH**
   A Professional Corporation
3  333 Church Street
   Santa Cruz, CA 95060
4  Telephone:     (831) 423-8383
   Facsimile:      (831) 576-2269
5
   Attorneys for Defendant
6  WEST BAY SANITARY DISTRICT

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11 MICHAEL DOUGLAS, an individual; LISA        **CASE NO. C09-04788-CRB**
   DOUGLAS, an individual; MICHAEL
12 DOUGLAS, as Trustee of the Douglas Family   **STIPULATION TO CONTINUE CASE**
   Trust; LISA DOUGLAS, as Trustee of the      **MANAGEMENT CONFERENCE AND TIME TO**
13 Douglas Family Trust,                       **RESPOND TO COMPLAINT; DECLARATION**
                                               **OF BARBARA H. CHOI IN SUPPORT;**
14            Plaintiffs,                       **[PROPOSED] ORDER**
15        vs.
                                               **[Civ. Local Rule 6-2; 7-12]**
16 TOWN OF PORTOLA VALLEY, a public
   entity; WEST BAY SANITARY DISTRICT;
17 CHRISTOPHER BUJA, an individual;
   GEORGE MADER, an individual; LUIS
18 MEJIA, an individual; SAUSAL CREEK
   ASSOCIATES; and DOES 1 through 50,
19
             Defendants**.**
20

21

22        Plaintiffs, Michael and Lisa Douglas, as individuals and as Trustees of the Douglas Family Trust,

23 and Defendants Town of Portola Valley, George Mader, West Bay Sanitary District, Christopher Buja,

24 and Luis Mejia, parties to the above-entitled action by and through their attorneys of record, hereby

25 agree and stipulate to continue the following dates:

26        1.        Case Management Conference from January 22 to March 26, 2010 (approximately 60

27 days);

28

-1-

2.      Defendants' time to respond to the Complaint to occur 10 days after notice of the Court's ruling on Defendants Town of Portola Valley's and George Mader's Motion to Dismiss Complaint, or 20 days after Plaintiffs serve an amended pleading, if any.

Good cause exists to continue the Case Management Conference date of January 22, 2009.  In order to adhere to this deadline, Defendants are required to meet and confer by January 4th and prepare initial disclosures by January 15th.  With the exception of Defendants Town of Portola Valley and George Mader, who responded to the Complaint by filing a Motion to Dismiss, set for hearing on January 15, the other Defendants participating in this stipulation have an extension to respond to the Complaint.  Based on the different agreements among the respective Defendants and Plaintiffs, and by court order, the various Defendants' responses to the Complaint are due on different dates between December 18 and January 19.  Continuing the Case Management Conference date for approximately 60 days, to March 26, 2009, would promote case efficiency and judicial economy.  The parties would then have an opportunity to respond to the Complaint by way of an answer or motion, in which they could seek to dispose of some, if not all, of the legal issues posed in the Complaint before the Case Management Conference and related initial disclosures are due.  If a particular Defendant chooses to respond by way of a motion to dismiss, such as Town of Portola Valley and George Mader have already done in this case, that Defendant can then await the Court's ruling on the motion or an amended complaint, if any, prior to incurring  the expense of preparing initial disclosures.  The Case Management Conference and its related requirements should thus be continued until after all Defendants have had a chance to respond to the Complaint.

Good cause also exists to continue the remaining served Defendants' response date to a single uniform date to correspond to the pending ruling on Town of Portola Valley's and George Mader's Motion to Dismiss.  The arguments raised by these two Defendants may impact all parties to this action.  Depending on the Court's ruling on that motion, the federal law claims may be significantly curtailed, if not dismissed, limiting the issues to which the other Defendants may need to respond.  Continuing the various Defendants' response dates until after the Court's notice of ruling on Defendant Town of Portola Valley's and George Mader's Motion to Dismiss, or service of an amended complaint, if any, thus

1    furthers judicial economy.  Plaintiffs acknowledge that coordinating the various Defendants' responses

2    to a single deadline also promotes case efficiency.  In addition, Plaintiffs are still in the process of

3    serving Defendant Sausal Creek Associates, which is further reason why it would be judicially

4    economical to extend the Case Management Conference date.

5         Good cause exists to: 1) continue the Case Management Conference date of January 22, 2009, to

6    approximately 60 days, to March 26, 2009, and 2) continue the date to respond to the Complaint to those

7    applicable Defendants to 10 days after notice of the Court's ruling on the pending Motion to Dismiss by

8    Defendants Town of Portola Valley and George Mader, or within 20 days of service of an amended

9    pleading, as further supported in the Declaration of Barbara H. Choi below.

10         It Is So Stipulated by the parties below.  This Stipulation will be signed in counterparts and

11    copies thereof are considered as valid as the original.

12
13                                ATCHISON, BARISONE, CONDOTTI &
                                  KOVACEVICH

14    Dated:  December 17, 2009          By:  _____/S/_____

15                                BARBARA H. CHOI
                                  Attorneys for Defendant

16                                WEST BAY SANITARY DISTRICT

17                                JORGENSON, SIEGEL,

18                                McCLURE & FLEGEL, LLP

19    Dated:  December 16, 2009          By:  _____/S/_____

20                                JOHN FLEGEL

21                                Attorneys for Defendants

22                                TOWN OF PORTOLA VALLEY
                                  and GEORGE MADER

23                                KERR & WAGSTAFFE LLP

24
25    Dated:  December 16, 2009          By:  _____/S/_____

26                                IVO LABAR

27                                Attorneys for Defendant
                                  CHRISTOPHER BUJA

28

STIPULATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND TIME TO RESPOND TO COMPLAINT;
DECLARATION OF BARBARA H. CHOI IN SUPPORT; [PROPOSED] ORDER - C09-04788-CRB

HOWREY LLP

Dated:  December 17, 2009          By:    _____/S/_____
                                                    TERESA M. CORBIN
                                                    Attorneys for Defendant
                                                    LUIS MEJIA


KASS & KASS LAW OFFICES

Dated:  December 18, 2009          By:    _____/S/_____
                                                    BRADLEY MARK KASS
                                                    Attorneys for Plaintiffs
                                                    MICHAEL DOUGLAS
                                                    and LISA DOUGLAS


<u>DECLARATION OF BARBARA H. CHOI</u>

I, Barbara H. Choi declare as follows:

1.       I am an attorney at law duly admitted to practice before this Court and am an associate in the law firm of Atchison, Barisone, Condotti & Kovacevich, attorney of record herein for defendant, West Bay Sanitary District ("District").  I have personal knowledge of the matters herein and if called, can competently testify regarding the matters stated herein in support of this stipulation.

2.       On or about November 13, 2009, I spoke with Plaintiffs' counsel, Bradley Kass, about the issues raised in the complaint against the District.  I advised him that I viewed the claims against the District as without merit and that I intended to file a motion to dismiss and request sanctions.  He agreed to revisit the claims alleged against the District and would get back to me.  In the meantime, Plaintiffs' counsel gave the District an extension of time to respond to the complaint to December 18, 2009.

3.       On December 1, 2009, concerned that I had not yet heard from Mr. Kass, I asked him to contact me immediately since the time for filing the District's response was soon due.  Shortly thereafter, Mr. Kass contacted me and advised me that he had given extensions of time to respond to other defendants in the case to sometime in January and that he was agreeable to further extend the District's response deadline.  During this discussion we agreed that the Case Management Conference

STIPULATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND TIME TO RESPOND TO COMPLAINT;
DECLARATION OF BARBARA H. CHOI IN SUPPORT; [PROPOSED] ORDER - C09-04788-CRB

would then need to be extended so that the initial disclosures need not be prepared until after the various defendants responded to the complaint and narrowed the issues.

4.      On December 11, 2009, Luis Mejia's attorney for purposes of this stipulation only, Teresa Corbin, contacted me.  She advised me that she had also spoken with Mr. Kass recently and that Mr. Kass agreed to a stipulation of all parties to a continuance of the Case Management Conference for approximately 60 days, and also to a continuance of the Defendants' deadline to respond to the complaint until after notice of the Court's ruling on the Town of Portola Valley's Motion to Dismiss. That same afternoon, Ms. Corbin set up a conference call with the other attorneys representing the different Defendants in this case to discuss the stipulation: attorney for Defendant Chris Buja and attorney for Defendants' Town of Portola Valley and George Mader.  Ms. Corbin and I spoke to Nicolas Flegel, counsel for Defendants Town of Portola Valley and George Mader.  He agreed to the stipulation. Ms. Corbin left Defendant Chris Buja's attorney a message, since he was not available to participate in the conference call.  Ms. Corbin advised me that Plaintiff's counsel had told her that Defendant Sausal Creek Associates had not yet been served with the complaint, so we did not contact that agency.  On December 15, 2009, Ms. Corbin advised me that Chris Buja's counsel, James Wagstaffe, notified her that his client, Chris Buja, was in agreement with the proposed stipulation.

5.      On December 15, 2009, I forwarded a draft version of this Stipulation to Plaintiffs' counsel, to counsel for Defendants' Town of Portola Valley and George Mader, counsel for Defendant Chris Buja, and counsel for Defendant Luis Mejia for their review and approval.  After conferring with the parties to this Stipulation and incorporating suggested changes to it, in particular those made by Plaintiffs' counsel, Bradley Kass, I forwarded the final version for the parties' approval on December 16, 2009.  I now submit this Stipulation to the Court based on the approval of all of these parties for the requested continuances, as reflected by their signatures to this Stipulation.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  December 17, 2009           By:      _____/S/_____
                                                             BARBARA H. CHOI

///

1

ORDER

2      PURSUANT TO STIPULATION, IT IS SO ORDERED, that there is good cause to continue the

3  Case Management Conference from January 22 to March 26, 2009 at 8:30 a.m.  Further, a response to

4  Plaintiffs' complaint by Defendants West Bay Sanitary District, Chris Buja, and Luis Mejia, is extended

5  to ten days after notice of the Court's ruling on Defendants Town of Portola Valley's and George

6  Mader's Motion to Dismiss, or within twenty days after service of any amended pleading by Plaintiffs.

7

8  Dated: ___January 5, 2010_____                    _____

9                                                         Charles R. Breyer
                                                          United States District Court Judge
10

11

12      I, Barbara H. Choi, hereby attest that the faxed/scanned signatures of John Flegel, Ivo Labar,

13  Teresa M. Corbin, and Bradley Mark Kass are affixed to the original of this document and that said

14  original document is located in the Offices of Atchison, Barisone, Condotti & Kovacevich, 333 Church

15  Street, Santa Cruz, CA  95060.

16

17                                          ATCHISON, BARISONE, CONDOTTI &
                                            KOVACEVICH

18

19  Dated:  December 18, 2009          By:  _____/S/_____
                                            BARBARA H. CHOI

20

21

22

23

24

25

26

27

28

STIPULATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND TIME TO RESPOND TO COMPLAINT;
DECLARATION OF BARBARA H. CHOI IN SUPPORT; [PROPOSED] ORDER - C09-04788-CRB