United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DOUGLAS et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>TOWN OF PORTOLA VALLEY TOWN et al.,<br><br>    Defendants. | No. C 09-4788 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Plaintiffs bring this action to remedy what they argue was an unlawful regulatory taking, in addition to related violations of Due Process and the Equal Protection clause. Defendants Town of Portola Valley and George Mader move to dismiss. As for the takings claim, Plaintiffs have not alleged that they availed themselves of available state remedies, and therefore have not alleged that the taking was without compensation. Without such an allegation, this claim is not ripe and must be dismissed for lack of subject matter jurisdiction. As for the remaining claims, Plaintiffs have not sufficiently alleged the facts surrounding the allegedly improper conduct. In order to state a claim for relief against these defendants, Plaintiffs must amend the complaint to include factual allegations concerning the Defendants' role in the improper conduct. Allegations with regard to Defendant George Mader are particularly sparse, and will require extensive amendment in order to successfully state a claim.

**BACKGROUND**

According to the Complaint, the Town of Portola Valley imposed a condition within a Conditional Use Permit ("C.U.P.") that required Plaintiffs "to connect to a sewer once [sic] became available in the town, allegedly for the benefit of the public welfare." Compl. ¶ 12. The condition states: "When sewers are available in Portola Road in front of the subject property, the commercial building and the residence shall be connected to the sewer within one year of such availability." Id. According to the Complaint, "[t]he condition of connecting to a sewer, when available, in the Douglas' C.U.P has become a harsh and extraordinary condition, since the position of the town of Portola Valley is that a private sewer pipe constructed pursuant to a private reimbursement agreement dated August 14, 2006 between Defendant West Bay Sanitary District and Defendant Developers Christopher Buja, Luis Mejia and Sausal Creek Associates has now become applicable as against the Plaintiffs." Id.

The Complaint further alleges that "[o]n or about August 14, 2006, a private reimbursement agreement was entered into without notice to the Douglas' or the public. This agreement was executed between Defendant West Bay Sanitary District and Defendant Developers Christopher Buja, Luis Mejia and Sausal Creek Associates. This agreement was designed and created to compel other certain persons, of which the Douglas' are allegedly a part of, to be forced to fund private sewer improvements for the Defendant Developers Christopher Buja, Luis Mejia and Sausal Creek Associates through the use of certain public entity powers." Id. ¶ 13. While the Complaint alleges that these Defendants acted with some sort of malicious intent, the Complaint is consistently vague and conclusory as to the moving defendants' involvement with the 2006 Reimbursement Agreement.

The next series of allegations concern the Town's revocation of Plaintiffs' CUP. "On or about January 28, 2009, the Town Council of Defendant Town of Portola Valley presided over a public hearing regarding an appeal by Plaintiff Douglas' from a decision by the Planning Commission to revoke the conditional use permit for 888 Portola Road . . . ." Id. ¶ 18. "On or about February 11, 2009, the Town Council of Defendant Town of Portola

Valley affirmed the decision of the Planning Commission to revoke the conditional use permit of the Plaintiffs if certain conditions were not met." Id. ¶ 19. While the Complaint is not specific, this appears to refer to Plaintiffs' refusal to connect to the sewer, which is the only "condition" mentioned by the Complaint. The Complaint goes on to explain that "[a]t the hearing on January 28, 2009, Plaintiffs objected and asked for the recusal of any member of the Town Council who had any personal acquaintance and/or involvement with any of the parties to the private reimbursement agreement which had been entered into without notice to the Douglas' or the public and executed between Defendant West Bay Sanitary District and Defendants Developers Christopher Buja, Luis Mejia and Sausal Creek Associates. The request was rejected by the Town Council." Id. ¶ 20. This conduct, according to the Complaint, subjects the Town to liability "for violations of civil rights under Federal and State law, including but not limited to 42 U.S.C. §§ 1983, 1985, 1988 and violations of due process in aspects including but not limited to equal protection. The due process rights of the Douglas' were violated when the Town Council based its decision in part at least on favoring certain residents over other ones." Id. ¶ 21.

Next, the Complaint explains that the condition imposed in the C.U.P "constitutes an unreasonable restriction and gives the Plaintiffs less rights than the surrounding properties including but not limited to the Town of Portola Valley's properties." Id. ¶ 22. "Plaintiffs further allege that the Town of Portola Valley has itself declined to tie-in to the private sewer pipe while unlawfully instigating an isolated policy of enforcement against the Plaintiffs. This is despite their agreeing to do so previously and of which their proportionate financial contribution to the sewer tie-in has unduly burdened Plaintiffs with increased financial demands." Id. ¶ 23.

Plaintiffs also allege that "the sewer condition as applied is an oppressive and unwarranted interference with their property rights and are also a part of an unlawful conspiracy between Defendants Town of Portola Valley, West Bay Sanitary District, Christopher Buja, George Made [sic], Luis Mejia and Sausal Creek Associates." Id. ¶ 24. As for George Mader's role, the Complaint alleges that George Mader "is an individual who

is the Town Planner for the Town of Portola Valley and has privately instigated a policy of harming the Plaintiffs, as well as instigating unlawful practices uder [sic] the guise of the color of government." Id. ¶ 29.

While the above allegations are wide-ranging, all fall within the first cause of action. The second cause of action is for inverse condemnation against defendants town of Portola Valley and West Bay Sanitary District. The supporting factual allegations mirror those of the first cause of action. First, the complaint alleges that "[o]n or about August 14, 2006, a private reimbursement agreement was entered into without notice to the Douglas' or the public and executed between Defendant West Bay Sanitary District and Defendant Developers Christopher Buja, Luis Mejia and Sausal Creek Associates. This agreement was designed and created to compel other persons, of which the Douglas' are allegedly a part of, to have to fund improvements for the Defendant Developers Christopher Buja, Luis Mejia and Sausal Creek Associates by the use of public entity powers." Id. ¶ 34.

The third cause of action, for declaratory relief, is asserted against the Town of Portola Valley in addition to other, non-moving defendants. This cause of action appears to be primarily related to the 2006 Reimbursement Agreement, but for the most part, the Complaint does not allege that the Town was in any way a party to the Agreement. The one exception is paragraph 46, which alleges that the Town was in fact a signatory. The Complaint also alleges that "[t]he Town of Portola Valley has furthered the conspiracy and utilized the unlawful private reimbursement agreement as a means to enforce unlawful policies and conditions against the Douglases in violation of their constitutional rights and the use and enjoyment of their property. As a direct and necessary result of the actions of the Town of Portola Valley as described, the property of Plaintiffs has and/or will be severely damaged in value." Id. ¶ 44. The Complaint requests "a declaration as to the invalidity of the July 9, 2001 Conditional Use Permit ("C.U.P") . . . instructing Plaintiffs to connect to a sewer when one became available in the town." Id. ¶ 47.

The fourth cause of action is for injunctive relief. While the Complaint does not assert a new substantive basis for this form of relief, the allegations listed under this cause of

4

action provide a bit more factual context.  The Complaint alleges that "Defendant Town of Portola Valley agreed and represented that they would also utilize the new sewer improvement as a result of the August 14, 2006 private reimbursement agreement and pay their proportionate share, which would substantially decrease the burden on the cost to the individual persons and/or residents, including but not limited to the Plaintiffs."  Id. ¶ 51. "Sometime at or after the August 14, 2006 private reimbursement agreement was entered into, in bad faith and negligently, the Town of Portola Valley proceeded to back out of their agreement to participate, while still unlawfully utilizing their police powers to force Plaintiffs to tie-in to a sewer pipe at an unconscionable and disproportionate cost to the Douglas' [sic]."  Id. ¶ 52.  The Complaint goes on to accuse the Town of inconsistent enforcement, alleging that even though the Town claims that sewers benefit the public health, it has not itself connected to the sewer system.  Id. ¶¶ 53-54.  The Plaintiffs therefore ask that the Town be enjoined from enforcing the condition.

The remaining causes of action are not asserted against the moving defendants, and therefore will not be addressed.

## DISCUSSION

Defendants Portola Valley and George Mader move to dismiss, based on both Rule 12(b)(1) and 12(b)(6).  While the allegations in the Complaint are wide-ranging, Plaintiffs seem to rely on two categories of substantive legal liability as to the moving defendants: inverse condemnation under the federal and state constitutions, and violations of Plaintiffs' civil rights.[1]  As to the inverse condemnation claim, Defendants argue both that the claim is not ripe, and that it is barred by the statute of limitations.  As for the civil rights claims, which are based on due process and equal protection, Defendants argue that the Complaint fails to allege sufficient facts to give rise to liability.  Defendants' arguments are persuasive, and the motion is GRANTED.

---

[1] The two other listed causes of action, for declaratory and injunctive relief, do not assert further forms of substantive legal liability.  On the contrary, these causes of action seek particular remedies based upon the same  alleged legal violations relating to inverse condemnation and civil rights violations.

**1. Inverse Condemnation**

"The ripeness inquiry in a regulatory takings case usually turns on two considerations: The plaintiff must have obtained a final decision from the governmental authority charged with implementing the regulations and must have pursued compensation through state remedies unless doing so would be futile." Ventura Mobilehome Communities Owners Ass'n v. City of Buena Venture, 371 F.3d 1046, 1051-52 (9th Cir. 2004) (quotation marks omitted) (citing Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 472 U.S. 172, 194-95 (1982)). An action is only considered futile "if the plaintiff can show that 'the state courts establish that landowners may not obtain just compensation through an inverse condemnation action under any circumstances.'" Christensen v. Yolo County Bd. of Supervisors, 995 F.2d 161, 164 (9th Cir. 1993) (quoting Austin v. City and Country of Honolulu, 840 F.2d 678, 681 (9th Cir. 1988)).

According to the Complaint, and to the parties' moving papers, Plaintiffs never availed themselves of established state procedures to obtain compensation for a taking. "Compensation has been available under California law for inverse condemnation claims since the Supreme Court decided *First Evangelical Lutheran Church v. County of Los Angeles*, 482 U.S. 304 . . . (1987)." Id. See Cal. Code of Civil Procedure § 1230.010, *et seq.* However, there is no indication, and certainly no allegation in the complaint, that Plaintiffs brought a state court action for inverse condemnation. While Plaintiffs did indeed institute state legal action as a result of the Town's revocation of their Conditional Use Permit, that action did not seek compensation for any alleged taking. On the contrary, that action sought an order overturning the Town Council's decision to revoke the conditional permit. See Req. for Jud. Notice ex. 1, at 6.

Therefore, "[s]ince the [Plaintiffs] did not seek compensation through an inverse condemnation action in state court before bringing this action," their claim is not ripe and

must be dismissed. <u>Christensen</u>, 995 F.2d at 164.[2] Because the ripeness issue is dispositive, this Court need not reach the statue of limitations issue.

**2. Civil Rights**

In addition to the takings claims discussed above, Plaintiffs assert that Defendants' actions amount to violations of their due process and equal protection rights. The Complaint, however, is vague, repetitive, and conclusory. Ultimately, the Complaint has not alleged sufficient facts to state a claim upon which relief can be granted.

It is not clear what facts Plaintiffs believe support their civil rights claims against Portola Valley and George Mader, nor is it clear exactly how these facts would support a legal claim. The factual allegations underlying Plaintiffs civil rights cause of action are at paragraphs twelve through thirty-two. A number of the allegations concern the private Reimbursement Agreement, signed on or about August 14, 2006. <u>See, e.g.</u>, Compl. ¶ 13. According to the allegations in this section, the Town was not a signatory to the agreement. <u>See id.</u> ("The agreement was executed between Defendant West Bay Sanitary District and Defendant Developers Christopher Buja, Luis Mejia and Sausal Creek Associates.").[3] Therefore, it is entirely unclear as to how the terms of this Agreement could give rise to a civil rights violation committed by the Town of Portola Valley.

Beyond the terms of this Agreement, the Complaint focuses on the February 11, 2009, Town Council decision that "affirmed the decision of the Planning Commission in revoking

---

[2] To the extent that Plaintiffs' assert a separate § 1983 action pursuing relief based on the takings clause, this failure to exhaust state remedies is similarly fatal. "The nature of the constitutional right . . . requires that a property owner utilize procedures for obtaining compensation before bringing a § 1983 action." <u>Williamson</u>, 473 U.S. at 195 n.13.

[3] There is one paragraph in the complaint wherein Plaintiffs allege that the Town signed the agreement. <u>See</u> Compl. ¶ 46. However, the Defendants have submitted a copy of the Agreement, which reflects that the Town was not a party to the Agreement. <u>See</u> Req. for Jud. Notice ex. 3. Plaintiffs object to taking judicial notice of this document. However, because the Complaint refers extensively to the Agreement, and Plaintiffs do not dispute the authenticity of the copy provided by Defendants, it is appropriate to consider its contents in addition to the allegations in the complaint. <u>See</u> <u>Darensburg v. Metro. Transp. Comm'n</u>, No. 05-1597, 2006 WL 1676567 (N.D. Cal. Jan. 20, 2006) ("The incorporation by reference doctrine permits the court to consider documents central to the allegations in the complaint and whose authenticity no party questions, but which are not attached to the complaint."). Therefore, it is clear for purposes of this motion that the Town was not, in fact, a party to the agreement.

the conditional use permit of the Plaintiffs if certain conditions were not met." Id. ¶ 19. Plaintiffs apparently asked at a prior hearing, on January 28, 2009, for the recusal of any council member who "had any personal acquaintance and/or involvement with any of the parties to the private reimbursement agreement." Id. ¶ 20. "The request was rejected by the Town Council." Id. However, there is no allegation that any council member in fact was involved with the parties to the reimbursement agreement, nor is there an explanation as to how such an acquaintance would justify recusal. More importantly, it is not clear how this Agreement affects the validity of the condition imposed on Plaintiffs when they were granted a conditional use permit many years earlier. To the extent that Plaintiffs seek to allege a due process violation, they fail to connect the supposed improprieties surrounding the Agreement to the hearing and decision of the Town Council. Plaintiffs concede that they agreed to a condition requiring that they connect to the sewer, and impliedly concede that they did not do so. A decision revoking the C.U.P. on the grounds that a necessary and agreed upon condition was not satisfied is not on its face connected in any way to the Reimbursement Agreement. And as noted above, to the extent Plaintiffs are challenging the condition itself, they have failed to seek remedy in state court and therefore the issue is not ripe.

The Complaint alleges that "[t]he due process rights of the Douglas' were violated when the Town Council based its decision in part at least on favoring certain residents over other ones." Id. ¶ 21. But the complaint does not allege facts to support this conclusion. First of all, this seems to be a veiled takings issue insofar as it addresses the condition that was imposed on Plaintiffs. As noted above, because Plaintiffs did not seek a remedy in state court, the issue is not ripe here. To the extent Plaintiffs want to allege a distinct equal protection argument, the allegations are not sufficient. Plaintiffs suggest that because a condition was imposed on them, but not on other surrounding properties, this amounts to an equal protection issue. However, the Complaint also illustrates that this condition was imposed on Plaintiffs in exchange for a Conditional Use Permit. Therefore, the fact that other surrounding properties - which did not receive a commercial permit - were not subjected to such a condition does not suggest a double standard. Plaintiffs received a

8

1  certain benefit, the C.U.P., in exchange for a certain sacrifice, the obligation to connect to the
2  sewer.  The fact that the Town did not unilaterally force all property owners to connect to the
3  sewer is simply not relevant to the validity of the C.U.P.'s condition, or the procedures by
4  which that C.U.P. was revoked.

5  Moreover, in order to receive heightened scrutiny, an equal protection claim must
6  allege that the victim was a member of a protected class.  "When analyzing an Equal
7  Protection claim, heightened scrutiny is applied only when a restriction burdens a suspect
8  class or a fundamental right.  Without heightened scrutiny, a distinction need be only
9  rationally related to a legitimate purpose."  NAACP v. Jones, 131 F.3d 1317, 1322 (9th Cir.
10 1997).  Plaintiffs have not alleged that they are members of a suspect class, nor that they
11 have been deprived of a fundamental right.  Therefore, the Town's actions need only be
12 rationally related to a legitimate purpose.  The Town expressed a preference for sewers
13 instead of septic systems for sanitation reasons, and required such a condition in exchange
14 for a conditional use permit.  Even assuming the truth of all allegations, Plaintiffs cannot
15 establish that the Town's actions were not rationally related to a legitimate purpose.

16 Finally, Plaintiffs allege that the sewer condition "as applied is an oppressive and
17 unwarrented [sic] interference with their property rights and are also a part of an unlawful
18 conspiracy between Defendants Town of Portola Valley, West Bay Sanitary District,
19 Christopher Buja, George Made [sic], Luis Mejia and Sausal Creek Associates."  Compl. ¶
20 24.  However, Plaintiffs have not alleged sufficient facts to support such a conclusory
21 allegation.  Plaintiffs have not alleged an agreement between these various parties.  The
22 Complaint appears to assume that the Reimbursement Agreement functions as such an
23 agreement, but neither the Town nor George Mader is a party to that Agreement.

24 As for allegations against Defendant Mader, as opposed to the Town of Portola
25 Valley, the Complaint alleges that "Defendant George Mader is an individual who is the
26 Town Planner . . . and has privately instigated a policy of harming the Plaintiffs, as well as
27 instigating unlawful practices uder [sic] the guise of the color of government."  Compl. ¶ 29.
28

9

Plaintiffs allege no facts to support this conclusory allegation. In the absence of such facts, the cause of action against Mader should be dismissed.

### 3. Declaratory and Injunction Relief

Plaintiffs make further allegations, ostensibly against the moving defendants, in their third and fourth causes of action, for declaratory and injunctive relief, respectively. These causes of action do not rely on distinct legal bases, but rather reiterate with some variations the same allegations made in the first two causes of action. The declaratory action argues that the Town "has furthered the conspiracy and utilized the unlawful private reimbursement agreement as a means to enforce unlawful policies and conditions against the [Plaintiffs] in violation of their constitutional rights and the use and enjoyment of their property." Id. ¶ 44. However, the Town is not a party to "the unlawful private reimbursement agreement," and Plaintiff has alleged no facts illustrating any "utilization" of that Agreement by the Town. In general, the Complaint fails to specify a connection between the Town's actions in enforcing the condition and the allegedly suspect Reimbursement Agreement.

The same is true as to the cause of action for injunctive relief. The allegations under this heading allege that the Town "represented that they would also utilize the new sewer improvement as a result of the August 14, 2006 private reimbursement agreement and pay their proportionate share, which would substantially decrease the burden on the cost to the individual persons and/or residents, including but not limited to the Plaintiffs." Comp. ¶ 51. However, it remains entirely unclear what Plaintiffs mean by "utilize the new sewer improvement as a result of the August 14, 2006 private reimbursement agreement." After all, it is clear that the Town was not a signatory to that Agreement, and Plaintiff does not specify how that Agreement would have an impact on the Town, nor how any such impact would be unlawful. And even if those elements were sufficiently alleged, it is still unclear how the agreement in 2006 undermines the clear obligations of the C.U.P.'s condition. Even assuming the truth of the allegations, it is unclear how the Town's decision to change its mind has any legal consequence.

**CONCLUSION**

Plaintiff's Takings claims are not ripe, and are therefore dismissed for lack of subject matter jurisdiction. As for the civil rights claims, Plaintiffs have not alleged sufficient facts to establish entitlement to a legal remedy. However, Plaintiffs are granted leave to amend these claims, and are further advised to supplement the current allegations with facts supporting legal liability.

**IT IS SO ORDERED.**

Dated: January 19, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE