IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DOUGLAS, et al., | No. C 09-4788 CRB |
| Plaintiffs, | **ORDER GRANTING MOTIONS TO DISMISS** |
| v. | |
| TOWN OF PORTOLA VALLEY, et al., | |
| Defendants. | |

On January 19, 2010, this Court granted Defendants Town of Portola Valley's and George Mader's motions to dismiss Plaintiffs' complaint in its entirety. The Order explained that "to state a claim for relief against these Defendants, Plaintiffs must amend the Complaint to include factual allegations concerning the Defendants' role in the improper conduct," emphasizing that the "[a]llegations with regard to Defendant George Mader are particularly sparse, and will require extensive amendment in order to successfully state a claim." Order at 1:23-28.

Plaintiffs filed their First Amended Complaint on February 18, 2010. The Amended Complaint asserts six causes of action against Defendants under the same legal theories as the original complaint. The first cause of action asserts civil rights violations against Defendants Town of Portola Valley, West Bay Sanitary District, and George Mader under due process and equal protection theories. The second and third causes of action request declaratory and injunctive relief against Defendants West Bay Sanitary District, Town of

United States District Court
For the Northern District of California

Portola Valley, Christopher Buja, Luis Mejia, and Sausel Creek Associates. The fourth, fifth and sixth causes of action assert both intentional and negligent interference with contractual or prospective economic relationships against Christopher Buja, Luis Mejia, and Sausel Creek Associates. Defendants have filed three separate motions to dismiss, requesting that this Court dismiss Plaintiffs' First Amended Complaint in its entirety.

Regarding the first cause of action, Plaintiffs fail to bolster their civil rights action with sufficient facts to merit relief. Alternatively, Plaintiffs are time barred for not meeting the two year statute of limitations. Plaintiffs second and third causes of action fail for the same reasons. Finally, Plaintiffs' fourth, fifth and sixth causes of action fail to allege facts sufficient to state a claim..

Therefore, the Court GRANTS Defendants' motions to dismiss the complaint in its entirety. Furthermore, because Plaintiffs have already been given an opportunity to amend their complaint, in addition to the opportunity to further explain their claims in supplemental briefing, dismissal is with PREJUDICE.

## BACKGROUND

According to the Amended Complaint, the Town of Portola Valley imposed a condition within a Conditional Use Permit ("C.U.P.") that required Plaintiffs "to connect to a sewer once [sic] became available in the town, allegedly for the benefit of the public welfare." Amended Compl. ¶ 14. The condition states: "When sewers are available in Portola Road in front of the subject property, the commercial building and the residence shall be connected to the sewer within one year of such availability." Id. According to the Complaint, "[t]he condition of connecting to a sewer, when available, in the Douglas' C.U.P has become a harsh and extraordinary condition, since the position of the town of Portola Valley is that a private sewer pipe constructed pursuant to a private reimbursement agreement dated August 14, 2006 between Defendant West Bay Sanitary District and Defendant Developers Christopher Buja, Luis Mejia and Sausal Creek Associates has now become applicable as against the Plaintiffs." Id. at ¶ 17.

**United States District Court**
For the Northern District of California

The Amended Complaint further alleges that "[o]n or about August 14, 2006, a private reimbursement agreement was entered into without notice to the Douglas' or the public. This agreement was executed between Defendant West Bay Sanitary District and Defendant Developers Christopher Buja, Luis Mejia and Sausal Creek Associates." Id. ¶ 19. The original Complaint remained consistently vague and conclusory as to Defendants' involvement with the 2006 Reimbursement Agreement and the Amended Complaint does not fair much better. Plaintiffs have added additional paragraphs alleging that the City of Portola Valley issued Christopher Buja, Luis Mejia, and Sausal Creek Associates building permits to construct the sewers with the "knowledge and intent to try and force the Douglas' to pay for the construction" of the sewers." Id. ¶ 26. While the FAC is more focused on conclusory allegations regarding Defendants' ill intent than on alleging facts, it appears that the disputed Reimbursement Agreement provided that while a private consortium would build the sewer, it would be accepted by the District as public property, which in turn allowed the District to assess a "Supplemental Connection Charge" to future connectors to the line to reimburse the developers for constructing the line. See Dkt. #27, ex. A.

The next series of allegations concern the Town's revocation of Plaintiffs' C.U.P., which had originally required Plaintiffs to connect to a sewer once one became available. "On or about February 11, 2009, the Town Council of Defendant Town of Portola Valley affirmed the decision of the Planning Commission to revoke the conditional use permit of the Plaintiffs if certain conditions were not met." Id. ¶ 33. While the Complaint is not specific, this appears to refer to Plaintiffs' refusal to connect to the sewer, which is the only "condition" mentioned by the Complaint. The Complaint goes on to explain that "[a]t the hearing on January 28, 2009, Plaintiffs objected and asked for the recusal of any member of the Town Council who had any personal acquaintance and/or involvement with any of the parties to the private reimbursement agreement which had been entered into without notice to the Douglas' or the public and executed between Defendant West Bay Sanitary District and Defendants Developers Christopher Buja, Luis Mejia and Sausal Creek Associates. The request was rejected by the Town Council." Id. ¶ 35. This conduct, according to the

1 Amended Complaint, subjects the Town to liability "for violations of civil rights under
2 Federal and State law, including but not limited to 42 U.S.C. §§ 1983, 1985, 1988 and
3 violations of due process in aspects including but not limited to equal protection. The due
4 process rights of the Douglas' were violated when the Town Council based its decision in
5 part at least on favoring certain residents over other ones." Id. ¶ 43.

6 Next, the Amended Complaint explains that the condition imposed in the C.U.P.
7 "constitutes an unreasonable restriction and gives the Plaintiffs less rights than the
8 surrounding properties including but not limited to the Town of Portola Valley's properties."
9 Id. ¶ 47. "Plaintiffs further allege that the Town of Portola Valley has itself declined to tie-
10 in to the private sewer pipe while unlawfully instigating an isolated policy of enforcement
11 against the Plaintiffs. This is despite their agreeing to do so previously and of which their
12 proportionate financial contribution to the sewer tie-in has unduly burdened Plaintiffs with
13 increased financial demands." Id. ¶ 49.

14 Plaintiffs also allege that "the sewer condition as applied is an oppressive and
15 unwarranted interference with their property rights and are also a part of an unlawful
16 conspiracy between Defendants Town of Portola Valley, West Bay Sanitary District,
17 Christopher Buja, George Made [sic], Luis Mejia and Sausal Creek Associates." Id. ¶ 50.
18 As for George Mader's role, the Amended Complaint adds a number of paragraphs alleging
19 specific conduct of George Mader. See id. ¶¶ 57-65. Plaintiffs argue that "George Mader
20 and Spangle Associates have shown a distinct pattern of negative recommendations
21 whenever any matters having to do with the Douglas' are brought up." Id. ¶ 62. In support of
22 this proposition, Plaintiffs point to three memorandums generated by George Mader and
23 Spangle Associates that allegedly disparaged Plaintiffs. Id. However, the allegedly
24 disparaging comments within these memorandums are the exact sentiments Defendants have
25 asserted against Plaintiffs throughout these proceedings - namely, that Plaintiffs should either
26 have their permit revoked or pay to connect to the sewer. Id.

27 While the above allegations are wide-ranging, all fall within the first cause of action.
28 The second cause of action is for declaratory relief against the Town of Portola Valley, West

4

Bay Sanitary District, Christopher Buja, Luis Mejia, and Sausel Creek Associates. This cause of action appears to be primarily related to the 2006 Reimbursement Agreement, but for the most part, the Complaint does not allege that the Town was in any way a party to the Agreement. The Complaint alleges that "[t]he Town of Portola Valley has furthered the conspiracy and utilized the unlawful private reimbursement agreement as a means to enforce unlawful policies and conditions against the Douglases in violation of their constitutional rights and the use and enjoyment of their property. As a direct and necessary result of the actions of the Town of Portola Valley as described, the property of Plaintiffs has and/or will be severely damaged in value." Id. ¶ 70. The Complaint requests a declaration as to the invalidity of the August 14, 2006 private reimbursement agreement "which had been entered into without notice to the Douglas' or the public" and as to the July 9, 2001 Conditional Use Permit ("C.U.P") . . . instructing Plaintiffs to connect to a sewer when one became available in the town." Id. ¶¶ 72, 74.

The third cause of action is for injunctive relief. While the Amended Complaint does not assert a new substantive basis for this form of relief, the allegations listed under this cause of action provide a bit more factual context. The Amended Complaint alleges that "Defendant Town of Portola Valley agreed and represented that they would also utilize the new sewer improvement as a result of the August 14, 2006 private reimbursement agreement and pay their proportionate share, which would substantially decrease the burden on the cost to the individual persons and/or residents, including but not limited to the Plaintiffs." Id. ¶ 79. "Sometime at or after the August 14, 2006 private reimbursement agreement was entered into, in bad faith and negligently, the Town of Portola Valley proceeded to back out of their agreement to participate, while still unlawfully utilizing their police powers to force Plaintiffs to tie-in to a sewer pipe at an unconscionable and disproportionate cost to the Douglas' [sic]." Id. ¶ 80. The Amended Complaint goes on to accuse the Town of inconsistent enforcement, alleging that even though the Town claims that sewers benefit the public health, it has not itself connected to the sewer system. Id. ¶¶ 53-54. The Plaintiffs therefore ask that the Town be enjoined from enforcing the condition.

The Plaintiffs' fourth, fifth and sixth causes of action allege intentional interference with contract, and intentional and negligent interference with economic advantage against Defendants. The Amended Complaint alleges that Christopher Buja, Luis Mejia, and Sausel Creek Associates "proceeded to take intentional and fraudulent ongoing actions along with other Defendants which would ultimately lead to the Plaintiff's property being rendered harmed in a substantial manner." Id. ¶ 97. The actions taken by Defendants likely refers to the private reimbursement agreement entered into on August 14, 2006, with the West Bay Sanitary District. Id. ¶ 93.

## DISCUSSION

Defendants move to dismiss, based on both Rule 12(b)(1) and 12(b)(6). While the allegations in the Complaint are wide-ranging, Plaintiffs rely solely on two categories of substantive legal liability as to the moving defendants: violations of Plaintiffs' civil rights[1] and interference with contractual or economic relationships. As for the civil rights claims, which are based on due process and equal protection, Defendants argue that the Complaint fails to allege sufficient facts to give rise to liability, and alternatively, that Plaintiffs are barred by the applicable statute of limitations. Defendants similarly argue that Plaintiffs' interference with contract or economic relationships claims are also barred by the applicable statute of limitations. Defendants' arguments are persuasive, and their motions to dismiss are therefore GRANTED.

**1.  Civil Rights Cause of Action**

   **A.  The Action is Time-Barred**

Plaintiffs' first cause of action for violation of civil rights under 42 U.S.C. § 1983 is subject to the State of California's statute of limitations. Wallace v. Kato, 549 U.S. 384 (2007). In California, the statute of limitations for a federal civil rights action brought pursuant to 42 U.S.C. § 1983 is two years. Canatella v. Van De Kamp, 486 F.3d 1128, 1132-

---

[1] The two other listed causes of action, for declaratory and injunctive relief, do not assert further forms of substantive legal liability. On the contrary, these causes of action seek particular remedies based upon the alleged legal violations relating to inverse condemnation and civil rights violations.

6

33 (9th Cir. 2007). A statute of limitation defense may be raised by a motion to dismiss if the running of the limitation period is apparent on the face of the complaint. Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 2002).

Plaintiffs argue that the statute of limitations on their claim began running in early 2008 when defendant West Bay Sanitary District issued a formal notice requesting a reimbursement fee from Plaintiffs for the sewer connection. However, as established in Daniel v. County of Santa Barbara, the wrong alleged by Plaintiffs occurred when the condition was imposed, not when the condition was exercised or enforced. 288 F.3d 375, 382-83 (9th Cir. 2002) (explaining that "[u]nder established federal law, a taking occurs when an option to take an easement is granted, not when the option is exercised." Id. (internal citations omitted)). The Conditional Use Permit was issued to Plaintiffs on July 9, 2001. Amended Compl. ¶ 14. Plaintiffs waited until October 7, 2009 to file their first Complaint, long after the statute of limitations had run. Because the condition was imposed in 2001 and Plaintiffs did not file a complaint until 2009, the civil rights action is barred by the applicable statute of limitations.

Plaintiffs attempt to distinguish the case at hand from the Daniel decision by arguing that in Daniel there were no intervening or changed circumstances causing the matter of the condition to be later on adjudicated. Plaintiffs argue that in the present case, there was a change in circumstances because Defendants later chose to interpret the C.U.P. to require Plaintiffs to connect to a private sewer line. Id. This argument fails. C.U.P. condition number eleven states:

> When sewers are available in Portola Road in front of the subject property, the commercial building and the residence shall be connected to the sewer within one year of such availability.

Condition Eleven never suggests that Plaintiff would only be required to connect to a public sewer. On the contrary, the condition simply states that when "sewers are available," Plaintiffs would be required to connect to them. Plaintiffs therefore fail to identify any intervening or changed circumstances that justify extending the statute of limitations.

7

Even accepting Plaintiffs' theory that the statute of limitations is triggered by the exercise of Condition No. 11 as opposed to its imposition, their claim is still time-barred. Plaintiffs were asked to submit supplemental briefing on the question of notice, and they concede that they were aware of their obligation to connect to the sewer in August 2006. See Plaintiff's Further Briefing at 4. However, they argue that because they were not aware of the Reimbursement Agreement until later, it is only upon learning of the Agreement itself that the statute begins to run. However, as explained below, Plaintiffs fail to explain why it is the Agreement, as opposed to the requirement that they connect to the sewer and pay their proportionate share, that gives rise to their cause of action. On the contrary, regardless of whether the sewer was built by a public or a private entity, California law permits the water district to require those who connect to the sewer to pay their proportionate cost. In other words, the Reimbursement Agreement is irrelevant. Plaintiffs were notified of the requirement that they connect to the sewer by August of 2006; therefore, their claims are untimely.

Plaintiffs argue in the alternative that their civil rights claim accrued when Defendant Town of Portola began the administrative process concerning the sewer connection and that equitable tolling would place their claim within the statute of limitations. In California, "tolling is appropriate in a later suit when an earlier suit was filed and where the record shows: (1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim. Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002) (internal quotation marks and citation omitted); Lucchesi v. Bar-O-Boys Ranch, 353 F.3d 691, 694-95 (9th Cir. 2003).

On August 10, 2006, Plaintiffs sent a letter to Defendant Town of Portola noting the high cost of the sewer connection and asking to be relieved from the condition. They contend that this letter served as their first "claim" against Defendants and put them on notice for purposes of equitable tolling. Defendants point out, correctly, that even if Plaintiffs' claim accrued in 2006 upon exercise of the condition, their August 10, 2006 letter does not

8

rise to the level of a legal claim. Indeed, the letter does not mention any supposed Constitutional rights or changed circumstances, but rather refers to the high cost as a burden. As Azer reflects, it is not enough to complain to a defendant about a certain sort of conduct in order to be entitled to equitable tolling. Azer's test requires that the prior notice be in the form of a "suit," which Plaintiffs cannot point to here. Accordingly, Plaintiffs are not entitled to equitable tolling and their claim is time-barred.

### B. The Action Fails to State Sufficient Facts

Alternatively, even if the first cause of action is not time-barred, it still fails to state sufficient facts to support the § 1983 claim. Previously, this Court granted Defendants Town of Portola and George Mader's motion to dismiss the civil rights cause of action explaining that "it is not clear what facts Plaintiffs believe support their civil rights claims against Portola Valley and George Mader, nor is it clear exactly how these facts would support a legal claim." Order 7:8-10. Plaintiffs argued that their rights were violated when the town council refused to recuse council members who had any personal involvement with the parties. In dismissing the Complaint, the Court previously stated that "there is no allegation that any council member in fact was involved with the parties to the reimbursement agreement, nor is there an explanation as to how such an acquaintance would justify recusal." Order 8:5-7.

In an attempt to bolster their Complaint, Plaintiffs now argue that because Defendant Buja served on the Cable and Utilities Undergrounding Committee and the Traffic Committee that the members of the town council were acquaintances with Buja and thus favored him and the other Defendants. SAC ¶¶ 35-42. Defendants respond that California Fair Practices Commission ("FPPC") Regulations, California Code of Regulations Section 18700-18709, govern when a public official has a conflict of interest. Defendants explain that the regulations do not indicate that a mere acquaintance qualifies as a conflict, and that in most situations a conflict of interest is found when a council member has a material economic interest in the outcome. Here, the council members did not have a material economic interest in the outcome of the hearing and are only alleged acquaintances with

1 Defendants. Furthermore, Defendants reasonably point out that "it would not make sense in
2 a small community like the Town of Portola Valley to require Town Council members to
3 recuse themselves every time they are acquainted with any party who might be interested in a
4 decision. If that were the rule, the Town Council might find itself unable to fulfill its duties."
5 Mot. to Dis. at 9. Alleging that Defendants were acquainted and favored each other cannot be
6 sufficient to state a claim for due process.

7 The Complaint then alleges equal protection violations against Defendants Town of
8 Portola and George Mader because they treated Plaintiffs differently than other members of
9 the Town of Portola by imposing the requirement of connecting to the sewer on Plaintiffs but
10 not other members of the Town. An equal protection challenge will be reviewed under a
11 strict scrutiny standard if Plaintiffs can prove that they were members of a suspect class.
12 United States v. Armstrong, 517 U.S. 456, 465 (1996). Here, Plaintiffs fail to allege that they
13 are members of a suspect class, and thus Defendants' allegedly unequal treatment need only
14 be rationally related to a legitimate purpose. NAACP v. Jones, 131 F.3d 1317, 1322 (9th Cir.
15 1997). Defendants argue that for many years there have been drainage problems and that
16 failing leach fields are even more likely to cause drainage problems. Defendants argue that
17 the likelihood of drainage problems supports that the condition was rationally related to the
18 legitimate purpose of protecting public health and safety. Because the Plaintiffs' business
19 involved leach fields that could pose drainage difficulties, Defendants have a clearly rational
20 and legitimate purpose.

21 Plaintiffs try to bolster their Amended Complaint by pointing out that 90% of the
22 residents in Town are connected to septic systems, which demonstrates unequal treatment.
23 This argument fails to persuade. As the Court pointed out in its previous Order, "the
24 Complaint also illustrates that this condition was imposed on Plaintiffs in exchange for a
25 Conditional Use Permit. Therefore, the fact that other surrounding properties - which did not
26 receive a commercial permit - were not subjected to such a condition does not suggest a
27 double standard. The fact that the Town did not unilaterally force all property owners to

connect to the sewer is simply not relevant to the validity of the C.U.P.'s condition, or the procedures by which that C.U.P. was revoked." Order 8:24-28.

In regard to the civil rights claims against West Bay Sanitary District, Plaintiffs' Amended Complaint seems to focus on the absence of notice to Plaintiffs of the Reimbursement Agreement. But Plaintiffs fail to explain both why they were entitled to notice, and how the failure to provide notice itself harmed them. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 569 (1972). Plaintiffs have failed to explain how the enactment of the Reimbursement Agreement deprived them of either their liberty or their property. Long before the Agreement was signed, they had agreed to connect their property to a sewer when one became available. Under the terms of the C.U.P., they had no authority to determine that any particular sewer was inadequate. Plaintiffs attempt to make much of the fact that private interests were involved in the construction of the sewer, but they fail to explain how this is important. They obliquely suggest that somehow the cost imposed on them would be lower had the project been public, but they fail to allege facts to support this conclusion. On the contrary, California law permits a District to require a property owner desiring to connect to a sewer line owned by the District to pay a proportionate share of the cost of the line, where the person did not contribute to its construction.[2] Cal. Health & Safety Code § 6520.2. Therefore, even if the sewer had been entirely public, they still could have been forced to contribute to its construction.

In closing, Plaintiffs' civil rights causes of action fail to state sufficient facts for relief, as they fail to allege a protected property right for which they were entitled to further process. The C.U.P. obligated them to connect to a sewer, and they could have been charged for connection even had the sewer been entirely public. Further, because they should have

---

[2] Indeed, despite the involvement of private parties, the Reimbursement Agreement makes clear that the sewer itself is "now public property of District." See Agreement, Dkt. #27, ex. A. See also Cal. Health & Safety Code § 4742.3 (permitting a District to "collect from any person" using a privately constructed sewer the funds "to reimburse" the party that constructed the sewer).

11

known at the time they agreed to the C.U.P. that California law could obligate them to pay in order to fulfill the conditions of the C.U.P., their suit in 2009 is clearly untimely. If Plaintiffs' real complaint concerns the amount they are charged, rather than the fact that they were obligated to pay in the first place, they have failed to make such claims in either the original or the amended complaint. Therefore, this Court GRANTS the motion to dismiss the first cause of action against all Defendants, with prejudice.

**2.     Second Cause of Action: Declaratory Relief**

Plaintiffs request a declaratory judgment as to the validity of the July 9, 2001 Conditional Use Permit and the August 14, 2006 Reimbursement Agreement. Amended Compl. 23-28. However, as discussed above, Plaintiffs have failed to identify legal grounds supporting the conclusion that either the C.U.P. or the Reimbursement Agreement are invalid.

Plaintiffs are likewise not entitled to a declaratory judgment against Defendant Christopher Buja as to the Conditional Use Permit because Defendant Buja is not a party to that city permit. FAC at ¶ 14. Defendant Buja helpfully cites recent precedent from this Court dismissing a cause of action for declaratory judgment when the defendants were not parties to the contracts upon which Plaintiffs predicated their action. Def. Mot. at 13 (citing DuFour v. Be., LLC, 2010 WL 431972 (N.D. Cal. Feb. 2, 2010) (Breyer, J.)). For the same reasons, declaratory judgment as to the conditional use permit would be improper against Defendant Buja.

**3.     Third Cause of Action: Injunctive Relief**

Plaintiffs also seek injunctive relief against West Bay Sanitary District and the Town of Portola Valley. To the extent that Plaintiffs allege that they seek to enjoin the West Bay Sanitary District from requiring Plaintiffs to connect to the sewer line, Plaintiffs' arguments are misplaced. The West Bay Sanitary District never required Plaintiffs to join the sewer line, rather this condition was instituted by the Town of Portola Valley. To the extent that Plaintiffs seek injunctive relief against the Town of Portola, they have failed to establish a legal entitlement to this relief.

### 4. Fourth, Fifth and Sixth Causes of Action: Intentional and Negligent Torts

Plaintiffs also sue various private parties for intentional and negligent torts. Defendant Buja moves to dismiss. Plaintiffs fail to allege the facts required to establish a cognizeable contractual relationship for purposes of California law. The complaint indicates that the relevant contractual or economic relationship is between "the Town of Portola Valley and the Douglas'." SAC ¶¶ 96, 106, 115. Presumably, this refers to the Conditional Use Permit and its requirement that Plaintiffs connect to a sewer once it become available. However, California courts do not recognize such relationships between a private party and a city as "economic" relationships for purposes of this tort. See Blank v. Kirwan, 39 Cal. 3d 311 (1985); Asia Investment Co. v. Borowski, 133 Cal. App. 3d 832, 842 (1982). Therefore, because the complaint fails to allege a cognizeable economic or contractual relationship, this claim must be dismissed.

### Conclusion

This Court there GRANTS the motions to dismiss the Amended Complaint in their entirety. Furthermore, because Plaintiffs have previously had the opportunity to amend their complaint, and have failed to correct its inadequacies, dismissal is WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: July 21, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE