United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DOUGLAS, et al.,

    Plaintiffs,

v.

TOWN OF PORTOLA VALLEY, et al.,

    Defendants.

                                      /

No. C 09-04788 CRB

**ORDER AMENDING JUDGMENT**

      The Court dismissed this case – concerning allegations of wrongdoing in connection with Plaintiffs being forced to connect to a sewer pipe as provided in a Conditional Use Permit – following motions to dismiss Plaintiffs' First Amended Complaint ("FAC"). See July 21, 2010 Order (Dkt. 46). It is before the Court now on two matters: (1) Plaintiffs' Motion to Alter or Amend the Judgment (Dkt. 55); and (2) an Order to Show Cause (continued from August 25, 2010) as to why the case against the only remaining Defendant (Sausal Creek Associates) should not be dismissed for failure to serve.

      For the reasons that follow, the Motion to Alter the Judgment is GRANTED in part and DENIED in part. In particular, the federal claims continue to be dismissed with prejudice, but the state law claims are now dismissed without prejudice. The Court declines to exercise supplemental jurisdiction over the state law claims.[1] 28 U.S.C. § 1367(c)(3)

---

[1] The Order to Show Cause is extinguished because Plaintiffs served Defendant Sausal Creek Associates on November 3, 2010. The Court accepts Plaintiffs' voluntarily dismissal without prejudice of Defendant Sausal Creek Associates, which counsel entered at the hearing on this matter on November

("The district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . if the district court has dismissed all claims over which it has original jurisdiction[.]").

## I. BACKGROUND

In its Order dismissing the original Complaint in this matter, the Court addressed, among other things, various deficiencies in Plaintiffs' federal claims but did <u>not</u> address tort claims made against non-moving Defendants. Jan. 19, 2010 Order (Dkt. 18) at 5, 7-9 ("The remaining causes of action are not asserted against the moving defendants, and therefore will not be addressed."). Plaintiffs then filed the FAC, which (1) asserted the same federal claims with additional factual allegations and Defendants and (2) re-raised the state law claims, also with some enhancements and changes. All Defendants (except one that had not been served) moved to dismiss the FAC. After argument on the motions to dismiss the FAC, the Court allowed Plaintiffs to file a supplemental post-hearing brief. That brief focused on the statute of limitations defense to the federal claims. After reviewing the post-hearing briefing, the Court granted the motions to dismiss and dismissed the FAC with prejudice as to all claims and all defendants. The Court held in substance that (1) the civil rights causes of action were (a) time-barred and (b) failed to state a claim; and (2) the state tort claims failed to state a claim.

Plaintiffs now move to alter the Judgment to allow them to re-plead at least their claims against Defendants that did not participate in the original motion to dismiss on the ground that, as to those Defendants, Plaintiffs have had only one opportunity to state a claim. In support of their motion, Plaintiffs point out that this Court, in the Order dismissing the FAC, said that, "because Plaintiffs have already been given an opportunity to amend their complaint, in addition to the opportunity to further explain their claims in supplemental briefing, dismissal is with prejudice." <u>Id.</u> at 2 (emphasis added). The statement that "Plaintiffs have already been given an opportunity to amend" was an erroneous oversimplification because the FAC was filed after the Court granted motions to dismiss the

---

5, 2010.

2

original Complaint made by only two Defendants and directed toward only certain claims. Because the Court committed clear error by mistakenly dismissing certain claims with prejudice, Plaintiffs' Motion to Alter the Judgment is granted in part.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) provides that a party may move to alter or amend a judgment. "Under Rule 59(e), it is appropriate to alter or amend a judgment if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law."

To the extent the error here concerns leave to amend, as a general matter "leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1120 (9th Cir. 2000); Fed. R. Civ. P. 15(a).

## III. DISCUSSION

The critical question raised by Plaintiffs' Motion is whether the Court made an error in dismissing with prejudice certain claims and/or Defendants. The answer is "no" with respect to the federal claims but "yes" with respect to the state law claims.

The Court did not make a mistake in dismissing the federal claims with prejudice for two reasons. First, the Court dismissed those claims when it granted two Defendants' original motion to dismiss. Jan. 19, 2010 Order (Dkt. 18). Thus, Plaintiffs were given an opportunity to address the pleading deficiencies identified by the Court regarding the federal claims, availed themselves of that opportunity, but failed to cure the deficiencies. The fact that two Defendants named in the civil rights causes of action did not move to dismiss the original Complaint is immaterial because Plaintiffs had ample notice of the need to re-plead the civil rights claims with more particularity but failed to do so in the FAC. Id. Second, the Court dismissed the civil rights claims both for failure to state a claim and because they were time-barred. Plaintiff was afforded an opportunity (by way of a supplemental brief) to explain why the time-bar should not apply but was unable to convince the Court. Accordingly, there is no basis for altering the Judgment to allow Plaintiffs another

3

1 opportunity to re-plead the federal claims. Thus, Plaintiffs' Motion to Alter the Judgment is
2 denied as to the federal claims, and they continue to be dismissed with prejudice.

3 Whether the Court committed clear error in dismissing the state law claims with
4 prejudice is a different story. As discussed above, although Plaintiffs did amend all claims
5 following the January Order of dismissal, with respect to the state law claims that
6 amendment was not in response to a direction from this Court that those claims were legally
7 insufficient. Indeed, in its January Order this Court made plain that "[t]he remaining causes
8 of action are not asserted against the moving defendants, and therefore will not be
9 addressed." Jan. 19, 2010 Order (Dkt. 18) at 5, 7-9. Thus, in grating the motions to dismiss
10 the FAC with prejudice as to the state law claims the Court clearly erred because the decision
11 to dismiss with prejudice was based on the Court's mistaken belief that it had afforded
12 Plaintiffs an opportunity to amend the state claims in response to an Order from this Court
13 explaining that they were legally insufficient. Because of that clear error, the Court hereby
14 alters its Judgment to reflect that dismissal of the state law claims is without prejudice.
15 See Fed. R. Civ. P. 59(e).[2]

16 **IV. CONCLUSION**

17 The Judgment is altered as follows. Plaintiffs federal claims continue to be dismissed
18 with prejudice. Plaintiffs state law claims, however, are dismissed without prejudice. The
19 Court declines to exercise supplemental jurisdiction over the state law claims.

20 **IT IS SO ORDERED.**

22 Dated: November 10, 2010    CHARLES R. BREYER
                                UNITED STATES DISTRICT JUDGE

---

[2] The Court dismissed the state law claims because those claims alleged interference with contractual and economic relationships but failed to allege the facts required to establish the relevant relationships. July 21, 2010 Order (Dkt. 46) at 13.

G:\CRBALL\2009\4788\Order Amending Judgment.wpd    4